UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS, | Case No. 1:21-cv-00281-DAD-EPG |
| Plaintiff, | |
| v. | ORDER EXTENDING TIME FOR SERVICE |
| ARMANDO AMADOR, et al., | (ECF NO. 13) |
| Defendants. | ORDER SETTING SCHEDULING CONFERENCE ON SEPTEMBER 16, 2021, AT 10:30 A.M. |

Plaintiff commenced this action on February 26, 2021, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF No. 1). On April 7, 2021, with no Defendant having appeared in the case, Plaintiff filed a notice of settlement and request to vacate all currently set dates, stating that "a global settlement ha[d] been reached in the above-captioned case and the Parties would like to avoid any additional expense, and to further the interests of judicial economy." (ECF No. 6). Accordingly, the Court entered a minute order, vacating any and all pending deadlines and hearings and directing the parties to file the appropriate dismissal documents no later than June 4, 2021. (ECF No. 7).

On June 4, 2021, Plaintiff filed a notice of inability to consummate the settlement, requesting that the Court return the case to its active calendar. (ECF No. 8). As grounds, Plaintiff stated that, since the date of the settlement, "Plaintiff has worked with Defendant to finalize a

written settlement agreement," but "in recent months, Defendant has been difficult to contact and final settlement has been delayed as a result." (*Id.* at 1).

Given Plaintiff's representations regarding the inability to finalize the settlement in this case, the Court entered an order returning the case to the active docket, setting a formal scheduling conference on July 20, 2021, requiring a joint scheduling report to be filed one week before the scheduling conference, and directing Plaintiff to promptly serve a copy of the order on the defendants and to file an appropriate proof of such service with the Court. (ECF No. 9).

On June 15, 2021, Plaintiff requested (ECF No. 10), and the Clerk entered (ECF No. 11), a default against Defendant Armando Amador. However, no entry of default was requested as to the other Defendant in this case, Catherine Mellow. On July 14, 2021, the Court entered a minute order, noting that no joint scheduling report had been timely filed and no proof of service of this Court's June 8, 2021 order had been filed. (ECF No. 12). Accordingly, the Court vacated the July 20, 2021 scheduling conference, but required Plaintiff to file a status report by that same date, informing the Court of the status of this case and how Plaintiff planned to proceed.

On July 14, 2021, Plaintiff filed a status report, stating that Plaintiff has been unable to contact Defendant Armando Amador to consummate a settlement agreement. (ECF No. 13). As to Defendant Catherine Mellow, Plaintiff states as follows: "Although Plaintiff made attempts to personally serve Defendant CATHERINE L MELLOW in March 2021, Plaintiff was unsuccessful. Since the case was returned to the active calendar, Plaintiff has been diligently attempting to personally serve Defendant CATHERINE L MELLOW once again." Lastly the status report "requests a continuance of the Scheduling Conference and likewise an extension of time in which to file a Joint Scheduling Report" and states that "Plaintiff anticipates filing either a proof of service or a motion for service by publication within thirty (30) days."

As to Plaintiff's request to continue the scheduling conference and extend the time to file a joint scheduling report, the Court need not rule on either request because it already vacated the conference (and thus the joint scheduling report requirement) in its July 14, 2021 order. (ECF No. 12). However, the Court will set a new scheduling conference in this order. As to Plaintiff's statement about "filing either a proof of service or a motion for service by publication within

thirty (30) days," the Court is uncertain whether Plaintiff is referring to filing a proof of service of the Court's July 8, 2021 order, or filing proof of service as to Defendant Catherine Mellow being served with a summons and complaint, or both.

If Plaintiff is requesting the former, the Court will grant Plaintiff an extension to file proof of service of this Court's June 4, 2021 order on Defendants Armando Amador and Catherine Mellow. And assuming that Plaintiff is also requesting an extension of time to serve Defendant Catherine Mellow with a summons and the complaint, the Court must consider the requirements of Federal Rule of Civil Procedure 4(m), which provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Because the complaint was filed on February 26, 2021, the 90-day period for Plaintiff to serve Defendant Catherine Mellow has already expired. However, given Plaintiff's representations about the efforts made to serve Defendant Catherine Mellow, the Court deems it appropriate to exercise its discretion to extend the time for Plaintiff to serve Defendant Catherine Mellow. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (noting that Rule 4(m) "*permits* the district court to grant an extension even in the absence of good cause").

Accordingly, IT IS ORDERED as follows:

1. No later than August 20, 2021, Plaintiff shall serve a copy of the Court's June 8, 2021 order AND this instant order on both Defendants Armando Amador and Catherine Mellow or, if identified, on their counsel. Thereafter, Plaintiff shall file an appropriate proof of such service with the Court, in compliance with Rule 135 of the Local Rules for the Eastern District of California.

2. Also, no later than August 20, 2021, Plaintiff shall file proof of service of a summons and the complaint on Defendant Catherine Mellow. *See* Fed. R. Civ. P. 4(l)(1).

3. Should Plaintiff seek an extension of either of these deadlines, Plaintiff is directed to file *a motion* before either deadline expires. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

4. Unless a notice or stipulation of dismissal has been filed under Federal Rule of Civil Procedure 41, all parties are required to attend a formal telephonic scheduling conference on September 16, 2021, at 10:30 a.m. before United States Magistrate Judge Erica P. Grosjean. To join the telephonic conference, each party shall dial 1-(888) 251-2909 and enter access code 1024453.

5. A joint scheduling report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one (1) full week prior to the scheduling conference and shall be emailed in Word format to epgorders@caed.uscourts.gov. The joint scheduling report shall indicate the date, time, and courtroom of the scheduling conference. This information is to be placed opposite the caption on the first page of the report.

IT IS SO ORDERED.

Dated: **July 15, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE